**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | Civil Action No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| -against- ) | COMPLAINT AND |
| ) | JURY TRIAL DEMAND |
| HOOTERS OF AMERICA, Inc., and) | |
| HOOTERS OF ROCHESTER, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

_____ )


## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as

well as Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the

basis of disability and to provide appropriate relief to Melissa Vicari ("Vicari"). As alleged with

greater particularity below, Hooters of America, Inc., and Hooters of Rochester, LLC,

("Defendants") subjected Vicari to discrimination by failing to accommodate her disability,

Multiple Sclerosis.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the ADA,

42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e - 5 (f)(1) and (3), and pursuant to

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e - 5 (f)(1) and (3).

4.      At all relevant times, Defendant Hooters of America, Inc. was a Georgia corporation doing business in the State of New York in its own right and through Defendant Hooters of Rochester, LLC, another Georgia corporation, and each has continuously had at least 15 employees.

5.      At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e - (g) and (h).

6.      At all relevant times, Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

### Count I

7.      More than thirty days prior to the institution of this lawsuit, Vicari filed a charge with the Commission alleging violations of Title I of the ADA by Defendants.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Vicari suffers from Multiple Sclerosis, which substantially limits her in the major

life activities of walking, standing, and working, among others. During the relevant time period, she was a qualified individual with a disability pursuant to Title I of the ADA.

9.      Vicari worked for Defendants at their Rochester location as a Hooters Girl for almost eight years.

10.     In 2003, Vicari's treating neurologist requested several times that she be allowed to work a reduced schedule to accommodate her disability. This reduced schedule was generally three days per week, four to five hours per day.

11.     Defendants initially refused to allow Vicari to work the reduced schedule, notwithstanding their policy to allow Hooters Girls routinely to leave early when business slowed after the lunch time rush, and notwithstanding their practice of allowing other Hooters Girls to limit their hours to meet other obligations.

12.     In addition, when Defendants did allow Vicari to work a reduced schedule, they limited her shifts to only one or two a week, and often included the less desirable hostess shift.

13.     Defendants' failure to accommodate Vicari's disability violated the ADA.

14.     The unlawful employment practices complained of above were intentional.

15.     The unlawful employment practices complained of above were done with malice or with reckless indifference to Vicari's federally protected rights.

16.     The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Vicari by depriving her of equal employment opportunities in violation of the ADA.

### Count II

17.     Paragraphs 1 through 16 are incorporated herein as if fully set out at length.

18.     Defendants failed to preserve documents relating to Vicari's requests for

accommodation, in violation of the ADA and 29 C.F.R. §1602.14.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

B.      Order Defendants to institute and carry out policies, practices, and programs which provide equal opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of their unlawful employment practices,

C.      Order Defendants to make Vicari whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to, front pay and reinstatement.

D.      Order Defendants to make Vicari whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering and inconvenience in amounts to be determined at trial.

E.      Order Defendants to pay Vicari punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

F.      Order Defendants to comply with 29 C.F.R. §1602.14.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: March 6, 2006

Respectfully submitted,

James L. Lee
Deputy General Counsel
Gwendolyn Y. Reams
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C.   20507

s/ Elizabeth Grossman_____
Elizabeth Grossman
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
NY, NY 10004-2112
(212) 336-3696
Elizabeth.Grossman@eeoc.gov

s/ Markus L. Penzel_____
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3193
Markus.Penzel@eeoc.gov